69 F.3d 555
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Janice M. KAISER, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 95-3514.
 United States Court of Appeals, Federal Circuit.
 Oct. 27, 1995.
 
 Before PLAGER, LOURIE, and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Janice M. Kaiser petitions for review of the April 7, 1995 final decision of the Merit Systems Protection Board, Docket No. CH752850519-M-1, sustaining her removal by the Department of the Army ("agency"). Because Kaiser has not demonstrated any error in the board's decision, we affirm.
 
 DISCUSSION
 
 2
 The agency employed Kaiser at Rock Island Arsenal in Illinois. On May 24, 1985, Kaiser allegedly stabbed and wounded a co-worker, Holly Stotlar. After an investigation, the agency removed her. She appealed to the board, challenging her removal and asserting discrimination.
 
 
 3
 In an initial decision on November 5, 1985, an administrative judge (AJ) affirmed the agency's decision and found no discrimination. The AJ heard the testimony of Kaiser, Stotlar, and the other witnesses; determined that Stotlar's testimony was more credible; and concluded that the incident took place as alleged. Thereafter, Kaiser filed a petition for review by the full board alleging that she had discovered new evidence. In particular, she provided an affidavit of a former co-worker, Michael Streat, in which he stated that Stotlar admitted to him that she had fabricated the entire incident to get Kaiser fired. The board denied Kaiser's petition and the initial decision became final on April 6, 1986. Kaiser brought a discrimination complaint and sought review of the board's decision in the United States District Court for the Central District of Illinois.*
 
 
 4
 The district court granted summary judgment for the agency on Kaiser's discrimination complaint. After considering all the evidence, the court further held that substantial evidence supported the board's decision affirming the agency's removal of Kaiser. However, the court held that Streat's affidavit constituted new and material evidence. Therefore, the court remanded the case to the board to consider Streat's testimony.
 
 
 5
 On remand, the AJ did not find Streat to be credible because of inherent inconsistencies and improbabilities in his testimony. She further found that Streat's testimony and affidavit did not alter any of her original findings in the November 1985 initial decision. Thus, she affirmed the agency's action. The AJ's initial decision became the final decision of the board when it denied Kaiser's petition for review. See 5 C.F.R. Sec. 1201.113 (1995). This appeal followed.
 
 
 6
 Our review of a decision of the board is limited by statute to determining whether the decision was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 7
 On appeal, Kaiser argues that the evidence does not support the AJ's decision. She further challenges the AJ's credibility determinations because Stotlar's testimony contained numerous inconsistencies. We do not accept Kaiser's contentions.
 
 
 8
 After careful review of the record, we are fully persuaded that the board's decision is supported by substantial evidence. See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984) ("[Substantial evidence is] such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached."). The inconsistencies in Streat's testimony are sufficient to support the board's conclusion that he was not believable. Moreover, our limited standard of review does not permit us to make our own credibility determinations or to reevaluate the weight of the evidence. Such credibility determinations are "virtually unreviewable" on appeal. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 9
 We have also considered Kaiser's remaining arguments, including her allegation of newly discovered evidence and her assertion of a Privacy Act violation. We find these allegations to be either unpersuasive or irrelevant. Therefore, we affirm the board's decision sustaining Kaiser's removal.
 
 
 
 *
 Prior to filing the district court action, Kaiser contested the board's discrimination decision at the Equal Employment Opportunity Commission (EEOC). The EEOC concurred with the board's decision finding no discrimination